UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>STATE WATER SYSTEM, I.D.<br>#1510802, *ET AL.*,<br><br>                    Defendants. | Case No. 1:12-cv-01398-RRB<br><br><br>**<u>DISMISSAL ORDER</u>** |

Clarence Leon Dews, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983.[1]  Dews is currently incarcerated at the Kern Valley State Prison.  This action arises out of an alleged unsafe level of arsenic in the potable water consumed by inmates at the Kern Valley State Prison, North Kern Valley State Prison,

---

[1]          Although this action was ostensibly initiated by six named plaintiffs, it is proceeding solely with Dews as the plaintiff.  Also, to the extent that Dews attempts to bring this action under 28 U.S.C. § 2254 it is inappropriate.  This action challenges a condition, not a fact of, Dews' incarceration.  *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.' ") (citation omitted).  Thus, this Court will address this Complaint solely as a § 1983 civil rights action.

and Wasco State Prison.[2]  In this action Dews has sued various California state entities and officials in their individual capacities for injunctive relief and damages caused by his consumption of the contaminated water over a period of several years.[3]

## I.   SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4]  This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[5]  Likewise, a

---

[2]      Dews was incarcerated at the North Kern County State Prison and Wasco State Prison prior to his transfer to the Kern Valley State Prison.  These three prisons are physically located within thirty (30) miles of each other.

[3]      In addition to the State Water System, Dews has named as defendants: California Prison Industry Authority ("CPIA"); Maurice Junious, Warden, North Kern Valley State Prison; K. Harrington,  Warden (A), Kern Valley State Prison; D. Martin Biter, Warden (A), Kern Valley State Prison; John Doe, Warden, Wasco State Prison; E. Borreno, B. Da Veiga, and S. Tallerico.

[4]      28 U.S.C. § 1915A(a).

[5]      28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

prisoner must exhaust all administrative remedies as may be available,[6] irrespective of whether those administrative remedies provide for monetary relief.[7]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8]  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[10]

---

[6]     42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

[7]     *See Booth v. Churner*, 532 U.S. 731, 734 (2001).

[8]     Fed. R. Civ. P. 8(a)(2).

[9]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[10]     *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[11]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[13]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14]

## II.    GRAVAMEN OF COMPLAINT

The water supply to the three state prisons located in Kern County is provided by the State Water System #151082.  That water system has been determined to contain unsafe levels of arsenic and mercury, a condition that has yet to be rectified.  Dews contends that as a result of the toxic substances in the water system he has suffered rectal bleeding, hemorrhaging/hemorrhoids, and has cancer of the stomach.

---

[11]    *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[12]    *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[13]    *Id.*

[14]    *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff seeks:  (1) injunctive relief compelling the wardens of North Kern County State Prison, Kern County State Prison, and Wasco State Prison to provide bottled drinking water; (2) compensatory damages of $150,000.00, and (3) punitive damages of $200,000.00.

## III.   OTHER ACTIONS PENDING

Dews has three other actions under 42 U.S.C. § 1983 pending in this Court:  *Dews v. Kern Radiology Medical Group, Inc.*, 1:12-cv-00242-AWI-MJS (*Dews I*"); *Dews v. County of Kern*, 1:12-cv-00245-AWI-MJS ("*Dews II*"); and *Dews v. Chen*, 1:12-cv-01221-RRB ("*Dews III*").[15]

In *Dews I*, Dews has also sued various officials of the North Kern County Prison for violation of the Eighth Amendment proscription of cruel and unusual punishment in denying him necessary medical treatment for a torn rotator cuff.  That action was dismissed during screening with leave to amend; however, in lieu of filing an amended complaint Dews has appealed  from the dismissal.

In *Dews II*, Dews has sued various officials of the Wasco State Prison for use of excessive force and denial of necessary medical treatment.  That action has not been screened.

In *Dews III*, Dews has sued various prison officials in their official and representative capacities and two California municipalities for deliberate indifference to serious medical

---

[15]     This Court takes judicial notice of these actions.  Fed. R. Evid. 201.

needs in violation of the Eighth Amendment.  That action was dismissed by this Court during screening with leave to amend.

## IV.   DISCUSSION

Dews Complaint as presently constituted is defective in several respects.  Attached to Dew's Complaint is a copy of a CDCR 602 Inmate/Parolee Appeal Form dated June 25, 2012, a month prior to the time this action was filed.  Dews has failed to attach any documentation evidencing his appeal was processed through the three levels of appeal provided under California law.[16]  As noted above, a prerequisite to bringing an action under § 1983 is that the prisoner must have exhausted his administrative remedies.[17]  It is plainly evident that, at the time Dews initiated this action, he not only had not exhausted his available administrative remedies, but could not have exhausted them.  Accordingly, this Court must dismiss this action as to Defendants Maurice Junious, Warden, North Kern Valley State Prison; K. Harrington,  Warden (A), Kern Valley State Prison; D. Martin Biter,

---

[16]     Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review.").  Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

[17]     42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

Warden (A), Kern Valley State Prison; John Doe, Warden, Wasco State Prison; E. Borreno, B. Da Veiga, and S. Tallerico for failure to exhaust available state administrative remedies.

A second defect is that the allegations of the Complaint only supports relief against the prison officials in their official, not their individual capacities.  A claim against an official in his or her official capacity is treated as a claim against the state itself.[18]  To the extent that Dews seeks monetary damages, it is against the State, barred by the Eleventh Amendment.[19]  Eleventh Amendment immunity does not, however, preclude the granting of prospective relief.[20]  The State Water Board and CPIA, state agencies, are also immune from suit under the Eleventh Amendment.[21]  Because the claims against them do seek injunctive relief, the claims against the State Water Board and CPIA will be dismissed without leave to amend.

With respect to Defendants E. Borreno, B. Da Veiga, and S. Tallerico, Dews' complaint suffers from a second defect: he has failed to allege how they are responsible for

---

[18]     *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that an official capacity claim is simply "'another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 690 n.55 (1978)).

[19]     *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual defendants are nominal defendants").

[20]     *Ex parte Young*, 209 U.S. 123 (1908).  The *Young* doctrine "permits federal courts to enjoin state officials to conform their conduct to requirements of federal law, notwithstanding a direct and substantial impact on the state treasury." *Milliken v. Bradley*, 433 U.S. 267, 289 (1977).

[21]     *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

the quality of the water at the prisons either individually or in their official capacities.  Nor, does it appear that Dews could plead a plausible claim against them.  Consequently, the claims against those three defendants will also be dismissed without leave to amend.

Finally, to the extent Dews seeks injunctive relief against the wardens of North Kern County and Wasco Prisons, because he is no longer incarcerated in either prison, Dews lacks standing to assert those claims.[22]  It is clear that a favorable decision compelling  the wardens of the North Kern County and Wasco State Prisons to provide uncontaminated water would not benefit Dews.[23]  Accordingly, the claims against them will be dismissed without leave to amend.

## V.    ORDER

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.    The Complaint on file herein is hereby **DISMISSED** without prejudice;

2.    The Complaint as against the State Water System #1510802;  California Prison Industry Authority ("CPIA");  Maurice Junious, Warden, North Kern Valley State Prison;

---

[22]    *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (holding that a plaintiff lacks standing to sue if it is unlikely that the plaintiff's "injury will be 'redressed by a favorable decision.'") (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

[23]    *See Friends of the Earth, Inc. v. Laidlaw Envtl. Svcs. (TOC) Inc.*, 528 U.S. 167, 1280–81 (2000) ('to satisfy Article III's standing requirements, a plaintiff must show . . . it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision); *Feldman v. Bomar*, 518 F.3d 637, 643 (2008) (holding that claims are moot when the court lacks "the power to grant effective relief").

D. Martin Biter, Warden (A), Kern Valley State Prison; John Doe, Warden, Wasco State Prison; E. Borreno, B. Da Veiga, and S. Tallerico is **DISMISSED** without leave to amend;

3.      On or before **June 17, 2013**, Plaintiff may file an Amended Complaint under 42 U.S.C. § 1983 against K. Harrington, Warden, Kern Valley State Prison, consistent with Part IV, above; *provided however*, that Plaintiff must affirmatively plead and establish either: (1) that he has exhausted his available administrative remedies; or (2) that he is excused from such exhaustion under California law;

4.      If Plaintiff has not filed an Amended Complaint by **June 17, 2013**, or such further time as the Court may grant,  the Clerk of the Court is directed  to enter a judgment of dismissal without further order of the Court.

        **IT IS HEREBY ORDERED** this 9th day of May, 2013.

                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE