UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>          Plaintiff,<br><br>vs.<br><br>STATE WATER SYSTEM, I.D.<br>#1510802, *ET AL.*,<br><br>          Defendants. | Case No. 1:12-cv-01398-RRB<br><br>**ORDER REGARDING**<br>**MOTIONS AT DOCKETS 17 AND 18**<br>**AND DISMISSING COMPLAINT** |

      Clarence Leon Dews, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983. During initial screening, this Court dismissed the Complaint with leave to amend as to the Warden of Kern Valley State Prison.[1] In response to that Order, at Docket No. 16 Dews requested a 60-day extension and, at the end of the 60-days, that the matter be removed from the Court's Calendar. Concurrently, at Docket No. 18 Dews filed a motion requesting the appointment of an investigator at the expense of the United States.

---

[1]    Dkt. 16.

**I.    DISCUSSION**

This Court dismissed the Complaint because it appeared on the face of the Complaint that Dews had not properly exhausted his state-law administrative remedies. A prisoner must exhaust his administrative remedies prior to filing suit, not during the pendency of the suit.[2] Although this Court noted that it did not appear likely that Dews could have properly exhausted his administrative remedies prior to the commencement of this suit, the Court nonetheless provided Dews with the opportunity to plead compliance with the exhaustion requirement. Dews' motion at Docket No. 17 makes clear that Dews cannot truthfully plead exhaustion. Nor does it appear that Dews is excused from exhausting his administrative remedies under California law. Accordingly, any further extension of time to file an amended complaint would be futile.

At Docket No. 17, although bearing the case number for this case, inexplicably the caption names the People of the United States of America as the defendant. In that document Dews requests the appointment of an investigator to assist him in the investigation of the facts underlying his claims. Generally, a state prisoner has no right to counsel in civil actions brought under § 1983.[3]

---

[2] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

[3] *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

> However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these considerations is dispositive and instead must be viewed together.[4]

The Ninth Circuit recently applied the same standards to the appointment of investigator in a pair of unpublished decisions.[5]  Furthermore, there is no statutory right to the appointment of a federal investigator in a civil action under § 1983.[6]

Although it appears that Dews has difficulty in articulating his claims, it is clear that he has no likelihood of succeeding on his claims in this lawsuit.  Accordingly, the request for the appointment of an investigator must be denied.

## II.     ORDER

**IT IS HEREBY ORDERED** that Plaintiff's request for an extension of time at Docket No. 17 is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for the appointment of an investigator at Docket No. 18 is **DENIED**.

---

[4]     *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

[5]     *Norwood v. Vance*, 2013 WL 1738625 (9th Cir. Apr. 23, 2013) (unpublished); *Womack v. Bakewell*, 2013 WL 601715 (9th Cir. Feb. 19, 2013) (unpublished)

[6]     *See* 18 U.S.C. § 3006A(a)(1).

**IT IS FURTHER ORDERED** that the Complaint on file herein is **DISMISSED** in its entirety without prejudice to refiling at such time as Dews has exhausted his available state-law remedies.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 19th day of June, 2013.

                                                                               S/RALPH R. BEISTLINE
                                                                               UNITED STATES DISTRICT JUDGE