UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE WATER SYSTEM, I.D.<br>#1510802, *ET AL.*,<br><br>        Defendants. | Case No. 1:12-cv-01398-RRB<br><br>**ORDER DENYING MOTIONS**<br>**AT DOCKETS 23, 24** |

## I.  PENDING MOTIONS

At **Docket 23** Plaintiff Clarence Leon Dews, a state prisoner appearing *pro se*, filed a document that appears to be a request to direct the California Department of Corrections and Rehabilitation ("CDCR") to treat *pro se* attorney correspondence as legal mail and issue a summons in this case. At **Docket 24** Dews filed a document, when considered together with the document filed at Docket 25, appears to be a motion under Federal Rule of Civil Procedure 60(b) or, in the alternative, a request for a writ of *error coram nobis*.[1]

---

        [1]     As presented, it is difficult to ascertain precisely the relief Dews requests or the basis for it. Generally, documents filed by a *pro se* prisoner are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). The Court has applied that rule in ruling on the matters presented.

The record reflects the following actions in chronological order:

May 9, 2013 – the Court entered an order dismissing the complaint with leave to amend.[2]

June 19, 2013 – Because Dews did not file an amended complaint within the time allowed, after denying Dew's motion to extend the time to file an amended complaint,[3] the Court entered its judgment dismissing the case without prejudice.[4]

June 6, 2014 – Dews moved for an extension of time of one year within which to present a petition for a writ of *error coram nobis*.[5]

June 10, 2014 – The Court denied Dews' request for an extension.[6]

July 10, 2014 – The date the documents filed at Dockets 23 and 25 appear to have been signed.

July 11, 2014 – The date the document filed at Docket 24 appears to have been signed.

## II. DISCUSSION

### A.    Motion at Docket 23

In this motion Dews contends that he is a "jailhouse lawyer" entitled to represent nine additional named inmates.  Although not entirely clear, Dews appears to challenge the

---

[2]        Docket 16.

[3]        Docket 19.

[4]        Docket 20.

[5]        Docket 21.

[6]        Docket 22,

prior order of this Court denying Dews' standing to serve as legal representative for additional inmates.[7] Also attached to the motion are a summons that appears to be directed to the California Attorney General and various CDCR officials and a subpoena that appears to be directed to various CDCR officials.

As the Court previously ruled, although Dews styles himself as a "jailhouse lawyer," he is not admitted to the bar as an attorney; therefore, although he is permitted to represent himself before this Court, he is not qualified to represent any other person before it. Dews has cited no authority that supports his contention that he is so qualified. Therefore, this Court has no basis upon which to revisit and reverse its prior ruling.

Because there is no pending action before this Court, there is no basis upon which to issue either a summons or a subpoena. To the extent that the document captioned "Subpoena in a Civil Case" purports to be notice of appeal, it is untimely and this Court lacks authority to extend the time to appeal.[8]

### B.    Motion at Docket 24

Dews contends that this Court made an mistake of law when it dismissed his complaint on the basis of failure to exhaust his administrative remedies without first requiring the Defendants to plead exhaustion as an affirmative defense.

//

//

---

[7]    Docket 13.

[8]    Fed. R. App. P. 4(a)(5).

## 1. Rule 60(b)

In this circuit a district court may correct an error of law under Rule 60(b)(1).[9]
Applying the "prison mail-box rule,"[10] the Court assumes the motions were filed at the
earliest on July 10, 2014. Because the motion was filed more than one year after judgment
was entered, to the extent it seeks relief under Rule 60(b), it is untimely.[11]

## 2. *Coram Nobis*

"The writ of *coram nobis* is an ancient common-law remedy designed to correct
errors of fact."[12]  Modernly, the use of the writ has been expanded and is broader than its
common-law predecessor. *Coram nobis* is now available to address a fundamental error
as opposed to a technical error. The use of *coram nobis* is, however, limited "to
extraordinary cases presenting circumstances compelling its use to achieve justice."[13]  In
addition, *coram nobis* does not lie where an alternative remedy is available.[14]

---

[9]      *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966).

[10]      Under the "prison mailbox rule," a paper or pleading filed by a prisoner is deemed filed when the paper or pleading is handed to the appropriate prison official for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988). In the absence of any contrary evidence, this Court normally assumes that the Petition was handed to the appropriate prison official on the date that it bears.  *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[11]      Fed. R. Civ. P. 60(c)(1).

[12]      *United States v. Denedo*, 556 U.S. 904, 910 (2009) (internal quotation marks and citation omitted).

[13]      *Id.* at 911 (internal quotation marks and citation omitted).

[14]      *Id.*

As applied to this case, Dews appears to be attempting to utilize *coram nobis* as a substitute for his untimely Rule 60(b) motion.  Even assuming that it may be used in that manner, Dews has failed to establish a basis for relief. That is, even if this Court were to address the motion on its merits, Dews would not prevail. The thrust of Dews argument is that the Court erred in dismissing for failure to exhaust during the screening stage is contrary to Circuit Law. In so doing, however, the Court granted Dews leave to file an amended complaint with the provision that Dews affirmatively plead exhaustion or that he was excused from exhausting his administrative remedies.[15] Dews failed to file an amended complaint within the time allowed. In addition, in the event that Dews either subsequently exhausted his administrative remedies or was prevent from so doing, because the dismissal to the extent it was on that basis was without prejudice. Consequently, Dews may file a new action.

Finally, this Court notes that in dismissing the complaint, except for the Warden of Kern Valley State Prison, dismissal was without leave to amend on grounds *other than* the failure to exhaust administrative remedies. Dews does not address that aspect of the dismissal order.

There being no legal or factual basis for granting Dews relief under either Rule 60(b) or *coram nobis*, dismissal of his complaint must stand.

//

//

---

[15]     Docket 16.

### III.  ORDER

Accordingly, for the reasons set forth above, the motions at **Dockets 23 and 24** are **DENIED**.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any further proceedings, whether before this Court or on appeal, would be frivolous or taken in bad faith.[16]  Accordingly, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

**IT IS SO ORDERED** this 30th day of July, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[16]     28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

ORDER DENYING MOTIONS AT DOCKETS 23, 24
*Dews v. Chen*, 1:12-cv-1398-RRB – 6